Sanford, J.
A witness is not to be compelled to testify to any matter, when his testimony may expose him to a criminal charge or penal liability. But if he voluntarily testifies in chief, he waives his privilege, and must submit to the consequent cross-examination, however penal in their consequences his answers may become. 1 Greenl. Ev., 451. 1 C. & H., Notes to Phill. Ev., (1st Ed.,) 735. 3 Stark. Ev., 1741. The reason of the rule and its limitation is too obvious to require elucidation. *The same rule is applicable to a witness [ *313 ] who is also a party to the suit.
In this case the defendant volunteered to give evidence in chief, that'he had had no illicit intercourse with the mother of the child between the first of August and the 30th of December, 1855, and consequently his testimony was in direct contradiction tó that given by the mother. To every, inquiry therefore which had a legitimate tendency to evince the falsehood of his testimony ‘ *256 or the truth of hers, he was hound to respond, and it was the duty of the court to enforce an answer. A question of veracity as between two witnesses, having equal means of knowledge, was to be determined ; and the pi’obability of a story is always an important element in t'he foundation on which human belief reposes, in relation to all the affairs of life.
From proof of an illicit intercourse, indulged up to a certain period and in a certain place, no “ legal presumption ” indeed arises that such intercourse was continued after the time, or in the place referred to, but the tendency of such proof would be, to dispose the triers more readily to believe the evidence of such repetition, and to disbelieve the denial of it; because it would show that the place designated afforded the necessary facilities for such a transaction ; and because such an intercourse, once begun, is seldom discontinued but with the failure of the means and opportunities for its indulgence.
But it is to be observed that the plaintiffs’ inquiry covered a period of time no greater than the defendant’s denial. The inquiry was not, whether the defendant had not had the kind of intercourse alluded to prior to the time mentioned by him in his denial, but whether he had not had it in the place designated by the mother.
The defendant indeed claimed that the transaction inquired about occurred before the first of August, but that the plaintiffs denied, and, for the purpose of ascertaining the truth of it, made the inquiry objected to.
Under such circumstances, to have prohibited the inquiry, would have enabled the witness, by his simple “ ipse [ *314 ] dixit ” *in relation, not to a principal fact, but to a point of time, about which there was conflicting evidence, to foreclose all inquiry of him in regard to it, and would thus have rendered his cross-examination, justly regarded as one of the principal and the most efficacious means provided by law for the ascertainment of the truth, a worthless form.
It ought, perhaps, to be added, that, at the time of the trial, more than one year had elasped after the commission of the acts about which the defendant was unwilling to testify, so that as to those acts he was protected from prosecution by the statute of limitations, and for that reason, if for no other, could not interpose his liability in justification of his refusal.
The judge did not charge the jury as assumed in the argument of the defendant’s counsel—that an act of intercourse prior to August 1855, of “ itself alone,” might aid in the production of the child. And if he erred in leaving it to the jury, to decide whether proof of such acts, alone or in connection with other *257 evidence in the case, aided in the proof of the principal matter in dispute—to wit, whether the defendant was the father of the child or not—the defendant has no cause of complaint on that account, as it only afforded him another opportunity, by taking the opinion of the jury, to get rid of the legitimate effect of evidence admitted by the judge, and, in our opinion, properly received.
The motion should be denied.
In this opinion the other judges concurred.
New trial not advised.